IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM COLANZI, ET AL., : | |
|       Plaintiffs, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 07-3632 |
| SAVINGS FIRST MORTGAGE, LLC., : | |
|       Defendant. : | |

**MEMORANDUM AND ORDER**

**Tucker, J.**                                                                                          **January 15, 2008**

      Presently before this Court is Defendant Countrywide Home Loans Inc.'s ("Countrywide") Motion to Dismiss (Doc. 9), Plaintiffs' Response in Opposition (Doc. 11), Defendant Countrywide's Motion for Leave to File Reply (Doc. 13), Defendant Countrywide's Motion for Permit Submission of Supplemental Authority in Support of Motion to Dismiss (Doc. 16), and Plaintiffs' Motion to Permit Submission of Supplemental Memoranda Regarding Countrywide's Motion to Dismiss (Doc. 18). For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss.

**BACKGROUND**

      Plaintiffs, William and Eileen Colanzi, bring this action against Defendants for alleged violations of the Truth in Lending Act, 15 U.S.C. § 1640(e) ("TILA"), and 28 U.S.C. §§ 1331. Plaintiffs, homeowners, originally financed their purchase with Novastar Mortagage Company. The amount of the loan was $99,000 and was serviced by Countrywide.

      On February 24, 2006, Plaintiffs signed the loan documents for refinancing of their home with an adjustable rate loan of $124,100.00 carrying a $899.00 monthly payment and a 7.9% interest rate for two years  Plaintiffs aver that although loan documents, including TILA disclosures and a Notice of Right to Cancel the loan, were presented to Plaintiffs for signature, copies of those

documents were not left with Plaintiff. Instead, the documents were mailed to Plaintiffs' on March 17, 2006.

On August 20, 2007, Plaintiffs filed the present action seeking TILA Recession. Plaintiffs allege that Defendant's failure to timely present the required disclosures triggers Plaintiffs' continuing right to rescind the parties' transaction for up to three (3) years. Plaintiffs maintain that Defendant Countrywide is liable and therefore rescission of the loan is permitted.

Countrywide seeks dismissal of Plaintiffs' Complaint averring that receipt of the forms precludes application of the three-year rescissory period; even where the forms are allegedly untimely. Plaintiffs right to rescission expired three days after the delivery of the TILA disclosures. Defendants' assertion would render Plaintiffs' claims time-barred. Defendants also assert that Plaintiffs' claim for statutory damages are also barred by the one-year statute of limitations.

## STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), the court "must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1988) (citations omitted), cert. denied, 489 U.S. 1065, 109 S. Ct. 1338, 103 L. Ed. 2d 808 (1989); see Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The court must decide whether "relief could be granted on any set of facts which could be proved." Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). A motion to dismiss may be granted only "if appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957).

**DISCUSSION**

A.  **TILA Rescission**

Pursuant to TILA, a consumer has three days from the date of the loan closing to rescind the loan.  15 U.S.C. § 1635(a).  However, "[i]f the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation . . . ."  12 C.F.R § 226.23(a)(3).  "The term 'material disclosures' means the required disclosures of the annual percentage rate, the finance charge . . . ."  12 C.F.R § 226.23(a)(3) n. 48.

The statute provides that "the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction *or* the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title . . . whichever is later . . . ."  15 U.S.C. § 1635(a) (emphasis added).

In the instant matter Plaintiffs indeed received the loan documents two weeks after the consummation of the loan.  However, the statute specifically contemplates that situation by allowing the rescissory period to begin after the disclosures are delivered.  I <u>Smith v. Fidelity Consumer Discount Co.</u>, the Third Circuit explained that "the period within which the consumer may exercise the right to rescind runs for 3 business days from the last of 3 events: [1] consummation of the transaction; [2] delivery of all the material disclosures; [3] delivery to the consumer of the required rescission notice."  898 F.2d 896 (1988)(citing 12 C.F.R. § 226.23(a)(3)).

Plaintiffs admit that they received copies of the forms which contained the material disclosure, thus the three-year rescissory period was not triggered and Plaintiffs's claim for

3

rescission is time-barred. Plaintiffs object that such a ruling would have the effect of giving "free reign to unscrupulous lenders to intentionally withhold disclosures after signing until the 3-day right of rescission is expired." This reasoning is unpersuasive since the statute specifically provides that right to rescission does not expire until 3 days *after* the delivery of the material disclosures, thus the statute protects against the abuse Plaintiffs contemplate .

**B.     Statutory Damages**

Plaintiffs seek statutory damages for Defendants' failure to rescind pursuant to the requirements of 15 U.S.C. § 1635(b). The statute of limitations, however, for statutory damages under TILA is one year form the date of the violation. 15 U.S.C. § 1640(e); See also Smith, 898 F.2d at 903. The alleged violation in the instant matter occurred March 17, 2006, thus Plaintiffs' claim for statutory damages is time-barred.

## CONCLUSION

The Court will grant Defendant's Motion to Dismiss since Plaintiff's claims are time-barred. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM COLANZI, ET AL., | : | |
|     Plaintiffs, | : | |
| | : | **CIVIL ACTION** |
| v. | : | |
| | : | **NO. 07-3632** |
| SAVINGS FIRST MORTGAGE, LLC., | : | |
|     Defendant. | : | **ORDER** |

**AND NOW**, this ____ day of January, 2008, upon consideration of Defendant Countrywide Home Loans Inc.'s ("Countrywide") Motion to Dismiss (Doc. 9), Plaintiffs' Response in Opposition (Doc. 11), Defendant Countrywide's Motion for Leave to File Reply (Doc. 13), Defendant Countrywide's Motion for Permit Submission of Supplemental Authority in Support of Motion to Dismiss (Doc. 16), and Plaintiffs' Motion to Permit Submission of Supplemental Memoranda Regarding Countrywide's Motion to Dismiss (Doc. 18), **IT IS HEREBY ORDERED and DECREED** that:

1. Defendant Countrywide's Motion to Dismiss (Doc. 9) is **GRANTED**.

2. Defendant Countrywide's Motion for Leave to File Reply (Doc. 13) is **GRANTED**.

3. Defendant Countrywide's Motion for Permit Submission of Supplemental Authority in Support of Motion to Dismiss (Doc. 16) is **GRANTED**.

4. Plaintiffs' Motion to Permit Submission of Supplemental Memoranda Regarding Countrywide's Motion to Dismiss (Doc. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall marked this case CLOSED for statistical purposes.

                                                                  **BY THE COURT:**

                                                                    /s/ Petrese B. Tucker
                                                                  _____
                                                                  **Hon. Petrese B. Tucker, U.S.D.J.**